**SO ORDERED.**

**SIGNED this 10 day of May, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| **IN RE:** | |
| **LACY M. HENRY** and **JUDY B. HENRY,** | |
| Debtors. | Case No. 05-04620-8-JRL |
| **BASIN ELECTRIC POWER COOPERATIVE,** | |
| Plaintiff, | |
| vs. | Adversary Proceeding No.: L-05-00262-8-AP |
| **LACY M. HENRY; JUDY B. HENRY; MPS GENERATION, INC.; MECHANICAL PLANT SERVICES, INC.; QUALIFIED PLANT SERVICES, INC.;** and **KEITH HENRY,** | |
| Defendants. | |
| and, | |
| **MPS GENERATION, INC.; LACY M. HENRY;** and **JUDY B. HENRY,** | |
| Third-Party Plaintiffs, | |
| vs. | |
| **ORMAT, INC.** and **CLIFFORD WADDELL,** | |
| Third-Party Defendants. | |

**ORDER**

This matter is before the court on the motion to amend the complaint and for leave to assert a claim for punitive damages filed by Basin Electric Power Cooperative ("Basin"). On April 25, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

**BACKGROUND**

Lacy Henry is the sole shareholder of MPS Generation, Inc. ("MPSG"), a North Carolina corporation. On November 5, 2003, MPSG entered into a contract with Basin, regarding the construction of four waste heat recovery generation systems. The systems were intended to convert waste heat from four compressor stations along the Northern Border Natural Gas Pipeline into electricity, which Basis intended to sell to its members.

On February 24, 2005, Basin filed a complaint in the United States District Court of the District of North Dakota against Lacy Henry, Judy Henry, and MPSG. The Henrys later filed a chapter 11 bankruptcy petition on June 13, 2005. On September 15, 2005, Basin filed a complaint against the debtors in this court claiming that they are the alter egos of MPSG. On November 15, 2005, the debtors answered the complaint, asserted counterclaims, and filed a third-party complaint against Ormat. On January 5, 2006, the court entered an order staying the lawsuit filed against the debtors and other defendants in North Dakota. Basin was permitted to amend its complaint filed in this adversary proceeding to include claims against the other defendants. An amended complaint was filed on March 31, 2006, which added MPSG as a defendant and set forth eleven counts for relief including breach of contract.

## **ANALYSIS**

Basin's claims against the defendants are primarily North Dakota state law claims[1], which are in federal court based upon this court's bankruptcy jurisdiction. *See* 28 U.S.C. 1334(c)(2). "When substantive state law claims . . . are pursued via adversary proceedings in bankruptcy, the substantive law of that state is controlling." Byrd v. Atlanta Casualty Co. (In re Byrd), 294 B.R. 808, 813 (Bankr. M.D. Ga. 2003)(citing Erie R. Co. V. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817 (1938)). Therefore, North Dakota law applies to Basin's state law claims.

Basin now seeks to amend its complaint to include a claim for punitive damages pursuant to N.D. Cent. Code § 32-03.2-11(1).[2] However, the defendants argue that N.D. Cent. Code § 32-03.2-11(1) is inapplicable, because the statute only pertains to an "action for the breach of an obligation not arising from contract[.]" This case is based on an alleged breach of a contract

---

[1] Basin's claim that the liability of the Henrys is nondischargeable arises under bankruptcy law while its attempt to pierce the corporate veil of MPSG is arguably determined under North Carolina law.

[2]
  Section 32-03.2.11(1) of the North Dakota Century Code provides:
      In any action for the breach of an obligation not arising from contract, when the defendant has been guilty by clear and convincing evidence of oppression, fraud, or actual malice, the court or jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant. Upon commencement of the action, the complaint may not seek exemplary damages. After filing the suit, a party may seek exemplary damages. The motion must allege an applicable legal basis for awarding exemplary damages and must be accompanied by one or more affidavits or deposition testimony showing the factual basis for the claim. The party opposing the motion may respond with affidavit or deposition testimony. If the court finds, after considering all submitted evidence, that there is sufficient evidence to support a finding by the trier of fact that a preponderance of the evidence proves oppression, fraud, or actual malice, the court shall grant the moving party permission to amend the pleadings to claim exemplary damages. For purposes of tolling the statute of limitations, pleadings amended under this section relate back to the time the action was commenced.
N.D.C.C. § 32-03.2-11(1).

between the plaintiff and MPSG. Furthermore, under N.D. Cent. Code § 32-03-07, the predecessor statute to N.D. Cent. Code § 32-03.2, a plaintiff must elect to waive its contract with the defendant in order to recover in tort. Jamestown Farmers Elevator, Inc. v. General Mills, Inc., 413 F. Supp. 764, 774-75 (D.N.D. 1976), *rev'd on other grounds*, 552 F.2d 1285 (8th Cir. 1977); Campbell v. Wishek Publ. Sch. Dist., 150 N.W.2d 840, 842 (N.D. 1967). The defendants argue that under North Dakota law a plaintiff must waive its contract claim before the plaintiff can amend its complaint to include a claim for punitive damages. Therefore, because Basin has not waived its breach of contract claim, it follows that Basin should be prohibited from amending its complaint to include a punitive damage claim.

Basin disagrees with the defendants' arguments. More recent cases from the Supreme Court of North Dakota have allowed plaintiffs to allege punitive damages in their amended complaints, along with their breach of contract claims. *See* Delzer v. United Bank of Bismark, 559 N.W.2d 531, 534 (N.D. 1997); Pioneer Fuels, Inc. v. Montana-Dakota Utils. Co., 474 N.W.2d 706 (N.D. 1991). The court is clear that "where there is a breach of contract, there must be some additional, independent facts not connected to the manner of the breach of contract to support tort and exemplary damage claims." Delzer v. United Bank of Bismark, 527 N.W.2d 650, 654 (N.D. 1995); *see also* Pioneer Fuels, Inc., 474 N.W.2d at 709-10.

North Dakota law is unclear on when or if a plaintiff must waive his contract claim in order to receive punitive damages. The cases cited by the Henrys have not been directly overruled, but they can be distinguished from the present case. Neither case required the plaintiff to waive the contract prior to amending its complaint to add an exemplary damages claim. The issue in *Jamestown Farmers Elevator, Inc.* was whether the plaintiff was entitled to jury

4

instructions on exemplary damages when he did not waive the contract. Jamestown Farmers Elevator, Inc., 413 F. Supp. at 774-75. In *Campbell* the court allowed a motion to dismiss on the grounds that the plaintiff had not established a prima facie case for breach of contract damages and exemplary damages. Campbell, 150 N.W.2d at 841. In that case, the motion was made at the close of the plaintiff's case in chief. Id. In both cases, the court did not consider the issue of waiving the contract until the trial. Although the more recent cases do not address the issue of waiving the contract, they do allow a plaintiff's amended complaint to contain both a claim for breach of contract and a separate claim for exemplary damages. The court finds that there is enough authority to allow a plaintiff to at least include a claim for punitive damages in his amended complaint even through he has also alleged a breach of contract claim. Therefore, the court rejects the defendants argument that under N.D. Cent. Code § 32-03.2-11(1) Basin must waive its breach of contract claim prior to adding a claim for punitive damages.

     Next, the court must determine the applicable standard for amending the complaint. Even though state substantive law applies in this case, federal courts usually apply federal procedural law. Hanna v. Plumer, 380 U.S. 460, 470 (1965). Federal Rule of Civil Procedure 15 made applicable in bankruptcy by Bankruptcy Rule 7015, generally governs motions to amend pleadings. However, N.D. Cent. Code § 32-03.2-11(1) provides that a claim for punitive damages must be raised via an amendment and not in the initial pleadings. The United States District Court for the District of North Dakota has held that this provision is substantive rather than procedural. McHugh v. Jacobs, 450 F.Supp.2d 1019, 1021 (D.N.D. 2006)(finding that N.D. Cent. Code § 32-03.2-11(1) provides a substantive right, and therefore, applies in a diversity action); Lowell v. Zurich Ins. Co., Civ. No. A3-91-72, 1992 WL 212233 at *2 (D.N.D. Aug. 20,

5

1992)(applying North Dakota's punitive damage statute in a case where jurisdiction was predicated upon diversity of citizenship); *see also* Myers v. Richland County, 288 F.Supp.2d 1013, 1021 (D.N.D. 2003) ("Exemplary damages statutes provide a substantive right and therefore state law applies."). Since N.D. Cent. Code § 32-03.2-11(1) provides a substantive right, the procedures set forth in that section require Basin to assert its exemplary damages claim by motion. Additionally, the section sets forth the standard a party must meet in order to add a claim for punitive damages.

In order for Basin to amend its complaint to add a claim for punitive damages pursuant to N.D. Cent. Code § 32-03.2-11(1), the court must find that there is "sufficient evidence to support a finding by the trier of fact that a preponderance of the evidence proves oppression, fraud, or actual malice." N.D. Cent. Code § 32-03.2-11(1). For the purpose of punitive damages, the term "oppression" means "subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights." McHugh, 450 F.Supp.2d at 1022 (quoting North Dakota Pattern Jury Instructions C-72.10); *see also* Ingalls v. Paul Revere Life Ins. Group, 561 N.W.2d 273, 284-85 (N.D. 1997). "Actual malice" is defined as "an intent with ill will or wrong motive to harass, annoy, or injure another person." McHugh, 450 F.Supp.2d at 1022 (quoting North Dakota Pattern Jury Instructions C-72.16); *see also* Ingalls, 561 N.W.2d at 284-85. Lastly, as a basis for awarding punitive damages, "fraud" is

> (1) the suggestion as fact of that which is not true by one who does not believe it to be true; (2) the assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true; (3) the suppression of a fact by one who is bound to disclose it, or who gives information that is likely to mislead because that fact was not communicated; or (4) a promise made without any intention of performing.

McHugh, 450 F.Supp.2d at 1022-23(quoting North Dakota Pattern Jury Instructions C-72.16).

Basin's exemplary damages claim derives from its allegations of fraud and conversion.[3] In support of its motion to amend its complaint to add punitive damages, Basin alleges that the defendants accepted project funds without any intention of performing on the contract or even making progress towards completion. Basin contends that almost immediately after Basin released project funds to MPSG those funds were distributed to other companies controlled by Mr. and Mrs. Henry. Those funds were then used for the Henrys' own personal use, as well as by Mechanical Plant Services, Inc. and Qualified Plant Services, Inc. Some of those funds were allegedly used to pay the large tax liability of Qualified Plant Services, Inc. Since the money provided by Basin was allegedly used for purposes other then the contract project, little progress was made on the construction of the facilities. Basin presented evidence in the form of affidavits, deposition transcripts, and other documents to support the factual basis for its claim.

Having reviewed the evidence submitted by the parties, the court finds that there is sufficient evidence at this stage to support a finding by the trier of fact that a preponderance of the evidence establishes oppression, fraud, or actual malice.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to amend the complaint and for leave to assert a claim for punitive damages is ALLOWED. The clerk of court's office is directed to file the plaintiff's second amended complaint.

**"END OF DOCUMENT"**

---

[3] The Supreme Court of North Dakota held that exemplary damages are recoverable under N.D. Cent. Code § 32-03-07, the predecessor statute to N.D. Cent. Code § 32-03.2-11(1), in conversion actions when the wrongdoer has been oppressive or malicious. John Deere Co. v. Nygard Equip., 225 N.W.2d 80, 94 (N.D. 1974).