**SO ORDERED.**

**SIGNED this 04 day of June, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

**LACY M. HENRY and
JUDY B. HENRY,**

    Debtors.                                          Case No. 05-04620-8-JRL
                                                                                                           Chapter 11

_____

**BASIN ELECTRIC POWER COOPERATIVE,**

    Plaintiff,

v.                                                                        Adversary Proceeding No.
                                                                                                 L-05-00262-8-AP

**LACY M. HENRY; JUDY B. HENRY;
MPS GENERATION, INC.; MECHANICAL
PLANT SERVICES, INC.; QUALIFIED PLANT
SERVICES, INC.; AND KEITH HENRY**

    Defendants,

and

**MPS GENERATION, INC.,
LACY M. HENRY and JUDY B. HENRY,**

    Third-Party Plaintiffs,

**v.**

**ORMAT, INC. and CLIFFORD WADDELL**

      **Third-Party Defendants.**

## ORDER

The matter before the court is the motion filed by MPS Generation, Inc. ("MPSG") to compel production of redacted documents. On May 16, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

Ormat, Inc. ("Ormat") has withheld portions of 440 documents from its Rule 26(a) disclosures, asserting that the documents contain confidential client communications protected by the attorney-client privilege. MPSG seeks the court to order Ormat to produce copies of the redacted documents, and it asserts that the attorney-client privilege does not apply due to the crime/fraud exception. MSPG asserts that it has established a prima facie case of fraud through its recent deposition of Hezy Ram, an Ormat employee. The party asserting the crime/fraud exception "must make a prima facie showing that the privileged communications fall within the exception." Chaudhry v. Gallerizzo, 174 F.3d 394, 403 (4th Cir. 1999). The moving party must prove: "(1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud." Chaudhry, 174 F.3d at 403. Having considered the arguments and evidence presented by both MPSG and Ormat, the court finds that MPSG has not met its burden of establishing a prima facie case of fraud at this juncture. Accordingly, the crime/fraud exception does not apply.

MPSG further questions the applicability of the attorney-client privilege to the redacted documents for the following reasons:

    1. Some of the redacted emails do not show that an attorney sent or received the communication.

    2. Some of the redacted emails show that the only attorney recipient was an in-house attorney, Lynn Alster, the subject of the email appear to be business related, not a communication seeking legal advice, multiple non-attorney employees received the email, and Lynn Alster is only shown as receiving a courtesy copy rather than being the author of the email or one of the primary recipients. Furthermore, based on the deposition testimony of Hezy Ram (Ormat employee and one of the people offered by Ormat as a Rule 30(b)(6) deponent), Lynn Alster does not appear to have been involved in the Project.

    3. Some of the redacted emails show that the only attorney recipient was an in-house attorney, Lynn Alster, the subject of the email appears to be business related, not a communication seeking legal advice, and multiple non-attorney employees received the email.

    4. The description of some of the redacted emails show that the subject of the email appears to be business related, not a communication seeking legal advice, and, in most cases, multiple non-attorney Ormat employees received the email.

The attorney-client privilege is to be narrowly construed. Trammel v. U.S., 445 U.S. 40, 50 (1980); In re Grand Jury Subpoena: Under Seal, 415 F. 3d 333, 338 (4th Cir. 2005). The Fourth Circuit has adopted the following test for determining whether a document can be withheld on the basis of attorney-client privilege:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

U.S. v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982); Santrade, Ltd. v. General Electric Co., 150 F.R.D. 539, 542 (E.D.N.C. 1993). "The party asserting the privilege has the burden of persuasion as to each element of the privilege." Santrade, 150 F.R.D. at 542.

The U.S. District Court for the Eastern District of North Carolina has shed light on how the attorney-client privilege exists in the corporate context:

> Corporations may communicate privileged information at various levels without waiving the attorney-client privilege. North Carolina Electric Membership Corp. v. Carolina Power & Light, 110 F.R.D. 511, 514 (M.D.N.C. 1986).
>
> A document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds. First, in instances where the client is a corporation, documents subject to the privilege may be transmitted between non-attorneys to relay information requested by attorneys. Cuno, Inc. v. Pall Corp., 121 F.R.D. 198, 202-03 (E.D.N.Y. 1988). Second, documents subject to the privilege may be transmitted between non-attorneys (especially individuals involved in corporate decision-making) so that the corporation may be properly informed of legal advice and act appropriately. See Eutectic Corp. v. Metco, Inc., 61 F.R.D. 35, 38 (E.D.N.Y. 1973). .
>
> The attorney-client "privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." Upjohn Co. v. U.S., 449 U.S. at 390, 101 S.Ct. at 683. The privilege includes communications involving corporate officers and agents who possess the information requested by the attorney or who will act on the legal advice. Id.

Santrade, 150 F.R.D. at 545. Even though the attorney-client privilege may exist in the corporate context, "documents do not contain protected 'client confidences' where they relate to business agreements with unrelated third parties, or general business matters or technical matters, unless they were communicated primarily for a legal purpose." Id. at 544; *see also* Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd., Case No. 5:97-CV-369BR1, 1998 WL 1742589 at *11 (E.D.N.C. Sept. 28, 1998)(reiterating the standard set forth in Santrade). Santrade was a patent infringement action where the defendant challenged the plaintiff's withholding of documents from discovery on

4

the basis of the attorney-client privilege. Id. at 542. Like here, due to the complexity of the case, the court agreed to conduct an *in camera* review of the documents. Id. at 543.

While the court finds that the crime/fraud exception does not apply, MPSG has raised some legitimate concerns regarding the applicability of the attorney-client privilege in the corporate context. The court will conduct an *in camera* review of the subject documents to determine if the attorney-client privilege applies and will use the standard set forth in Santrade as a basis for its review. For those documents that do not appear to be covered by the attorney-client privilege, the court will notify Ormat and give it the opportunity to meet its burden of showing the applicability of the privilege as to the redacted documents at an *ex parte* hearing. The *ex parte* hearing will be recorded for purposes of appeal.

END OF DOCUMENT