**SO ORDERED.**

**SIGNED this 06 day of August, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

    **LACY M. HENRY and
    JUDY B. HENRY,**
        Debtors.                            Case No. 05-04620-8-JRL

**BASIN ELECTRIC POWER
COOPERATIVE,**
        Plaintiff,

vs.                                         Adversary Proceeding No.:
                                                05-00262-8-AP

**LACY M. HENRY; JUDY B. HENRY;
MPS GENERATION, INC.;
MECHANICAL PLANT SERVICES,
INC.; QUALIFIED PLANT SERVICES,
INC.; and KEITH HENRY,**
        Defendants.

        and,

**MPS GENERATION, INC.;
LACY M. HENRY; and
JUDY B. HENRY,**
        Third-Party Plaintiffs,

vs.

**ORMAT, INC. and CLIFFORD
WADDELL,**
        Third-Party Defendants.

## ORDER

This matter is before the court on the motion to amend the third-party complaint filed by MPS Generation, Inc. ("MPSG"). On July 17, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

## BACKGROUND

Lacy Henry is the sole shareholder of MPSG, a North Carolina corporation. On November 5, 2003, MPSG entered into a contract with Basin Electric Power Cooperative ("Basin"), regarding the construction of four waste heat recovery generation systems. The systems were intended to convert waste heat from four compressor stations along the Northern Border Natural Gas Pipeline into electricity, which Basis intended to sell to its members.

On February 24, 2005, Basin filed a complaint in the United States District Court of the District of North Dakota against Lacy Henry, Judy Henry, and MPSG. The Henrys later filed a chapter 11 bankruptcy petition on June 13, 2005. On September 15, 2005, Basin filed a complaint against the debtors in this court claiming that they are the alter egos of MPSG. On November 15, 2005, the debtors answered the complaint, asserted counterclaims, and filed a third-party complaint against Ormat, Inc. ("Ormat"). On January 5, 2006, the court entered an order staying the North Dakota lawsuit filed against the debtors and other defendants. Basin was permitted to amend its complaint filed in this adversary proceeding to include claims against the other defendants.

On November 21, 2006, the court entered an order approving the Scheduling/Discovery Plan filed by counsel in this proceeding. The Scheduling/Discovery Plan set forth March 1,

2007, as the deadline by which the parties must move to join additional parties or amend pleadings to add claims or defenses. MPSG filed this motion to amend on May 1, 2007. There are currently four motions for summary judgment pending in this adversary proceeding, and the trial is scheduled to begin in September 2007.

## ANALYSIS

MPSG seeks to amend its third-party complaint against Ormat to add a new third party defendant, Ormat Technologies, Inc. ("Ormat Technologies"). MPSG also seeks to amend its third party complaint to allow all claims MPSG asserted against Ormat in the original third-party complaint to now be asserted against Ormat Technologies as well. Federal Rule of Civil Procedure 15 made applicable in bankruptcy by Bankruptcy Rule 7015, generally governs motions to amend pleadings. Rule 15 requires that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, when the motion to amend is filed after the amendment deadline set forth in the scheduling order, Rule 16(b) is implicated. Under Rule 16(b), the plaintiff must make a "showing of good cause" before the schedule can be amended to allow further amendment of the complaint. "When a motion to amend implicates both Rule 15(a) and Rule 16(b), 'it is necessary to consider first whether Plaintiff satisfies the 'good cause' standard of Rule 16(b) before deciding whether Plaintiff satisfies the more liberal standard of Rule 15(a).'" Cole v. Principi, 2004 WL 878259, at *6, 2004 U.S. Dist. LEXIS 7162, at *19 (M.D.N.C. Apr. 4, 2004).

MPSG asserts that Ormat is the alter-ego of Ormat Technologies, and that Ormat Technologies used its control over Ormat to cause the injuries complained of by MPSG. MPSG alleges that Ormat had no employees, no officers or directors, no assets or property, and no bank

3

account. MPSG contends that all the Ormat personnel who were involved in the matters relating to the supply contract between Ormat and MPSG were and are employees of Ormat Technologies or its parent company, Ormat Industries, Limited, or Ormat Nevada, a wholly-owned subsidiary of Ormat Technologies. Ormat is believed to be a shell corporation controlled directly by Ormat Technologies. Furthermore, MPSG contends that it was not aware of Ormat Technologies's total control over Ormat until the March 25, 2007 deposition of Hezy Ram, Ormat's primary 30(b)(6) deposition witness.

Ormat provided evidence to rebut the allegations that it had no officers or directors, no assets, and no bank account. Signed consents from Ormat's stockholders in lieu of annual meetings as well as minutes of the annual meetings of the board of directors or signed consents in lieu of those meetings were provided. Much discovery has been conducted in this adversary proceeding including 42 interrogatories, 65 requests for admission, and 34 requests for production all served on Ormat by MPSG. Additionally, Ormat Technologies is a publically traded company, so information about its corporate structure was readily available to MPSG. MPSG had plenty of opportunity to learn of the corporate structure of Ormat and any of its affiliates prior to the March 1, 2007 amendment deadline.

Furthermore, the deposition of Kip Waddell provides that during negotiations of the supply contract there were discussions as to which entity would do the project. One draft of the supply contract even had Ormat Technologies, instead of Ormat, as a party to the contract. However, when MPSG signed the final supply contract it knew that it was not contracting with Ormat Technologies, but with its subsidiary, Ormat. MPSG's claim that it did not know of the relationship of Ormat and Ormat Technologies prior to Hezy Ram's deposition in March 2007 is

4

inconsistent with the evidence.

To allow MPSG to amend its complaint and add a new party at this time would result in substantial delay in the proceedings and prejudice to Ormat. MPSG has failed to make a showing of good cause on which to allow it to amend its complaint at this late date, and its motion to amend is denied.[1]

## **CONCLUSION**

Based on the forgoing, MPSG's motion to amend its third-party complaint is DENIED.

**"END OF DOCUMENT"**

---

[1] The court also notes that MPSG offered little probative evidence that would justify piercing the corporate veil, as it appears that Ormat met all of the corporate formalities. Additionally, if there is a substantial judgment against Ormat, then the cause of action for piercing the corporate veil remains available to MPSG.