**SO ORDERED.**

**SIGNED this 19 day of September, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

| | |
|---|---|
| IN RE:<br>LACY M. HENRY and<br>JUDY B. HENRY,<br>      Debtors. | Case No. 05-04620-8-JRL |
| **BASIN ELECTRIC POWER COOPERATIVE,**<br>      Plaintiff, | |
| vs. | Adversary Proceeding No.:<br>05-00262-8-AP |
| **LACY M. HENRY; JUDY B. HENRY; MPS GENERATION, INC.; MECHANICAL PLANT SERVICES, INC.; QUALIFIED PLANT SERVICES, INC.; and KEITH HENRY,**<br>      Defendants. | |
| and, | |
| **MPS GENERATION, INC.; LACY M. HENRY; and JUDY B. HENRY,**<br>      Third-Party Plaintiffs, | |
| vs. | |
| **ORMAT, INC. and CLIFFORD WADDELL,**<br>      Third-Party Defendants. | |

_____

## **ORDER**

This case is before the court on the Motion to Compel filed by defendant MPS Generation, Inc. (MPSG). On September 12, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

MPSG moves the Court for an order compelling Ormat, Inc. to produce documents that were requested in MPSG's Third Set of Requests for Production, served on Ormat on May 25, 2007. Specifically, Ormat objected to MPSG's requests that Ormat produce (1) "any documents which evidence the initial capitalization of Ormat, Inc.", and (2) "any documents which evidence the existence of Ormat, Inc.'s bank account, including but not limited to information about average balance and extent of activity, the bank statement for the month of December 2003, and the bank statement for the month immediately prior to this request." Ormat objected to both requests on the grounds that the requests are "vague, ambiguous, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."

In its Motion to Compel, MPSG contends that the requested information is relevant to Ormat's request to pierce the corporate veil of MPSG. MPSG also contends that the initial capitalization and banking transactions of Ormat are relevant to Ormat's claim that MPSG was undercapitalized. However, the court disagrees with both arguments. First, based on this court's summary judgement ruling on August 23, 2007, which granted Ormat's alter ego claims against Lacy Henry and dismissed the alter ego claims against Judy Henry, the piercing of the corporate veil rationale for compelling production is moot. Second, the court does not find that Ormat's initial capitalization is at all relevant to Ormat's claim that MPSG was undercapitalized.

Based on the forgoing, MPSG's Motion to Compel is DENIED.

"END OF DOCUMENT"